JUDGE PRESKA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
Kishma Pickering and Sheron Branch
                                Plaintiffs

        -against-

The 40/40 Club, Twenty Ones  Incorporated,
Jay-Z aka Sean Carter, Juan Perez,
and Desire Gonzalez Perez
                          Defendants.
--------------------------------------------------------------X



07 CIV. 4798

**CLASS ACTION COMPLAINT
AND JURY DEMAND**

RECEIVED
JUN 05 2007
U.S.D.C. S.D. N.Y.
CASHIERS

      The Plaintiffs, by their attorneys, MICHAEL SHEN & ASSOCIATES P.C., as and for a

Complaint against the defendants, state and allege, as follows:

PRELIMINARY STATEMENT

1.    Plaintiffs Kishma Pickering and Sheron Branch, bring this action against their former

      employers, defendants The 40/40 Club, Twenty Ones  Incorporated, Jay-Z aka Sean

      Carter, Juan Perez, and Desire Gonzalez, for denial of overtime wages and spread of

      hours premium, refusal to pay wages, and illegal wage deductions, pursuant to the Fair

      Labor Standards Act §§7, 15, 29 U.S.C. §207 §§207, and the New York Labor Law

      §§190 et. seq. and §§650 et. seq.

JURISDICTIONAL STATEMENT

2.    This Court has jurisdiction over the claims presented pursuant to 28 U.S.C. §§ 1331 and

      1367; ERISA 29 U.S.C. § 1001 et seq., and the Fair Labor Standards Act Section 16 ("the

      FLSA" or "the Act"), as amended, 29 U.S.C. § 216(b).

3.    Plaintiffs invoke the supplemental jurisdiction of this court to consider claims arising

1

under state law.

4.    Venue lies in the Southern District of New York, pursuant to 28 U.S.C. 1391.

PARTIES

5.    The plaintiff Kishma Pickering is a resident of New Jersey, and worked for defendants from  to November 16, 2005 to January 10, 2006.

6.    The plaintiff Sheron Branch is a resident of New Jersey, and worked for defendants from January 3, 2006 to December 25, 2006.

7.    Defendant The 40/40 Club, incorporated as Twenty Ones  Incorporated (hereinafter jointly The 40/40 Club), with a principal place of business at 6 West 25th Street, New York, New York, does business as an upscale sports bar, lounge and restaurant under the laws of the State of New York, and is a business enterprise engaged in interstate commerce, with gross annual income exceeding $500,000.00. The 40/40 Club is frequented by stars of the sports, music and entertainment worlds.

8.    Defendant Jay-Z aka Shawn Carter, is a resident of New York. He is an owner of The 40/40 Club, had authority and exercised that authority with respect to all personnel decisions, including hiring, firing, and salaries, and was responsible for making decisions and/or implementing policies by or on behalf of The 40/40 Club that affected the plaintiffs as detailed herein. Defendant Jay-Z is an employer for all purposes of this litigation.

9.    Defendant Juan Perez is a resident of New York. He is an owner of The 40/40 Club, had authority and exercised that authority with respect to all personnel decisions, including

2

hiring, firing, and salaries, and was responsible for making decisions and/or implementing policies by or on behalf of The 40/40 Club that affected the plaintiffs as detailed herein. Defendant Juan Perez is an employer for all purposes of this litigation.

10.    Defendant Desire Gonzalez Perez is a resident of Teaneck, New Jersey. She is an owner and the Business Manager of The 40/40 Club, had authority and exercised that authority with respect to all personnel decisions, including hiring, firing, and salaries, and was responsible for making decisions and/or implementing policies by or on behalf of The 40/40 Club that affected the plaintiffs as detailed herein. Defendant Desire Gonzalez Perez is an employer for all purposes of this litigation.

## STATEMENT OF FACTS

11.    Plaintiffs have been employees of defendants during relevant times, working as receptionists.

12.    Their performance and qualifications have always been excellent.

13.    Defendants operate The 40/40 Club in such a way as to systematically deny its employees of their wages in various ways, including denial of overtime pay, illegal deductions, and outright refusal to pay wages owed.

14.    Defendants treat employees so abusively that the employee turnover is very high.

15.    While there were typically around 40 non-management employees working at The 40/40 Club, because of the abusive treatment accorded them, many of them were either fired or were forced to leave soon after they started.

16.    As a result, the numbers of non-management employees who worked at The 40/40 Club

on an annual basis exceeded 100.

17.     Plaintiffs and other employees typically worked substantially over 40 hours per week, but were denied the legally required overtime rate for their overtime work.

18.     The defendants were, at all relevant times herein, aware that the plaintiffs were not being paid their full and proper wages in accordance with the provisions of the Fair Labor Standards Act and the New York State Labor Law.

19.     The defendants willfully failed to make overtime payments.

20.     Plaintiffs and other employees also normally worked more than 10 hours per day, but were denied the legally required spread of hours premium.

21.     Defendants often took deductions from wages of plaintiffs and other employees, for instance, if some item were missing, without their consent.

22.     Defendants often simply refused to pay plaintiffs and other employees at all for the work which they performed.

23.     The other employees who are treated in the same manner as described hereinabove and are similarly situated to plaintiffs exceed 100 in number.

## FIRST CAUSE OF ACTION:
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

24.     Plaintiffs repeat and reallege all allegations previously set forth.

25.     Plaintiffs bring this First Claim for Relief pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action.

26.    The defendants failed to pay numerous other persons, who performed work for the defendants and who are similarly situated to plaintiffs, the compensation required by the FLSA, 29 U.S.C. § 207, for the overtime work, labor and services they provided to the defendants, and plaintiffs seek to take appropriate proceedings to have such persons notified of the pendency of this action and join this action as plaintiffs pursuant to 29 U.S.C. § 216(b) by filing written consents to joinder with the Court.

27.    As a result of the foregoing, Plaintiffs seek judgment against the defendants on their own behalf and on behalf of those similarly situated who file written consents to joinder in this action, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages and/or other wages owed by the defendants to the  plaintiffs  and such other persons similarly situated pursuant to 29 U.S.C. §§ 207, together with an award of an additional equal amount as liquidated damages, costs, interest, and attorney's fees, as provided for under 29 U.S.C. § 216(b).

SECOND CAUSE OF ACTION:
ON BEHALF OF THE NAMED PLAINTIFFS
AND ALL OTHERS SIMILARLY SITUATED FOR
VIOLATIONS OF NEW YORK LABOR LAW ARTICLES 6 AND 19

28.    Plaintiffs repeat and reallege all allegations previously set forth.

29.    Pursuant to Rule 23(b)(2)(3) of the FRCP, this claim for relief is brought on behalf of the named plaintiffs and on behalf of each and all other similarly situated persons who were denied  overtime pay or the full and proper payment of their wages and benefits in

5

violation of New York Labor Law Articles 6 and 19, §§ 190, et.seq. and §§ 650 et.seq.

30.   The above described class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable in that their numbers in all likelihood substantially exceed one hundred, and their identities are presently unknown.

31.   The plaintiffs have been denied overtime pay and/or the full and proper payment of their wages and benefits, in violation of New York Labor Law Articles 6 and 19, §§ 190 et.seq. and §§ 650 et.seq.  and the claims of the named plaintiffs are typical of the claims of the above described class, in that the interests of the named plaintiffs are co-extensive with the interests of the other members of the class, and there is a lack of adverse interests between the named plaintiffs and the other members of the class.

32.   There are questions of law and fact common to the class which predominate over any questions affecting only individual members: Were class members paid the full and proper wages. Were the class members paid overtime wages that complied with the requirements of New York State Law. Was spread of hours premium paid? Were proper wage records  maintained. Were deductions from wages properly made. What are the proper methods for determining the regular rate for calculating overtime pay.

33.   The named plaintiffs will fairly and adequately protect the interests of said class.

34.   A class action is superior to other available methods for the fair and efficient adjudication of the class claims under New York Labor Law Articles 6 and 19, §§ 190 et.seq. and §§ 650 et.seq.

35.   The defendants violated New York Labor Law Articles 6 and 19, §§190 et.seq.and 650

et.seq., and the Wage Orders issued thereunder, by failing to pay the plaintiffs overtime wages required under New York State Law and/or by failing to pay the plaintiffs their full wages and benefits promptly, as required by New York State Law.

36.    The defendants' violations of New York Labor Law Articles 6 and 19, §§ 190 et.seq. and §§ 650 et.seq., were willful.

37.    As a result of the foregoing, the named plaintiffs seek judgment against the defendants on their own behalf and on behalf of all those similarly situated, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages and/or other wages and benefits owed by the defendants to the plaintiffs, together with an award of costs, interest, and attorney's fees, as provided for under the New York State Labor Law.

38.    Plaintiffs do not seek liquidated or punitive damages for their claims under the New York State Labor Law.

THIRD CAUSE OF ACTION:
ON BEHALF OF THE NAMED PLAINTIFFS
AND ALL OTHERS SIMILARLY SITUATED
FOR UNJUST ENRICHMENT

39.    Plaintiffs repeat and reallege all allegations previously set forth.

40.    The defendants have received labor from the plaintiffs, for which the plaintiffs anticipated they would be properly compensated.

41.    The defendants, knowing of the plaintiffs' reasonable intentions to be compensated in wages and benefits for the labor they were providing to the defendants, failed to pay or

otherwise provide to the plaintiffs such compensation, and defendants were unjustly enriched thereby.

42.   Pursuant to Rule 23(b)(2)(3) of the FRCP, this claim for relief is brought on behalf of the named plaintiffs who have valid claims that the defendants have been unjustly enriched at plaintiffs' expense, and on behalf of each and all other similarly situated persons.

43.   The above described class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable in that their numbers in all likelihood substantially exceed one hundred, and their identities are presently unknown.

44.   The claims of the named plaintiffs are typical of the claims of the above described class, in that the interests of the named plaintiffs are co-extensive with the interests of the other members of the class, and there is a lack of adverse interests between the named plaintiffs and the other members of the putative class of plaintiffs.

45.   The named plaintiffs will fairly and adequately protect the interests of said class.

46.   There are questions of law and fact common to the class which predominate over any questions affecting only individual members: Did the class members provide labor to the defendants for which the parties understood the plaintiffs would be compensated? And if such an understanding existed, did the defendants pay the plaintiffs appropriate compensation for the labor that the plaintiffs provided? Were defendants unjustly enriched by their actions?

47.   A class action is superior to other available methods for the fair and efficient adjudication of the class claims for unjust enrichment by the defendants.

48.    As a result of the foregoing, the named plaintiffs seeks judgment against the defendants on their own behalf and on behalf of all those similarly situated, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, and monetary damages.

WHEREFORE, plaintiffs demands judgment against the defendants for the following relief:

        A. Relief sought for each Cause of Action;

        B. Interest, costs, disbursements and attorneys' fees;

        C. Such other and further relief as this court deems just

and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: New York, New York
       June 5, 2007

                        MICHAEL SHEN AND ASSOCIATES, P.C.

                By:   _____
                       MICHAEL SHEN - 5714
                       Attorneys for Plaintiffs
                       225 Broadway - Suite 2515
                       New York, New York  10007
                       212-227-0300

9