LITTLER MENDELSON, P.C.
  Andrew P. Marks (AM-0361)
  Sara D. Sheinkin (SS-9719)
885 Third Avenue, 16th Floor
New York, New York  10022.4834
Tel:  212.583.9600
Fax: 212.832.2719
  Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kishma Pickering and Sheron Branch, | Case No. 07 Civ. 4798 (LAP) |
| Plaintiffs, | |
| -against- | **ANSWER** |
| The 40/40 Club, Twenty Ones Incorporated, Jay-Z aka Sean Carter, Juan Perez, and Desire Gonzalez Perez, | |
| Defendants. | |

      Defendants Twenty Ones, Inc. d/b/a The 40/40 Club, Shawn Carter, Juan Perez and Desiree Gonzales, by their attorneys, Littler Mendelson, P.C., for an answer to the Complaint, respond as follows:

      1.     Paragraph 1 of the Complaint does not contain any allegations of fact that can be admitted or denied.  To the extent a response is required, defendants deny the allegations.

      2.     The allegations in paragraph 2 of the Complaint are allegations of law to which no response is required.  To the extent a response is required, defendants deny the allegations.

      3.     The allegations in paragraph 3 of the Complaint are allegations of law to which no response is required.  To the extent a response is required, defendants deny the allegations.

4. The allegations in paragraph 4 of the Complaint are allegations of law to which no response is required. To the extent a response is required, defendants deny the allegations.

5. Deny the allegations in paragraph 5 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Pickering's residence, and admit that Pickering worked for The 40/40 Club.

6. Deny the allegations in paragraph 6 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Branch's residence, and admit that Branch worked for The 40/40 Club.

7. To the extent the allegations in paragraph 7 of the Complaint are allegations of law, no response is required. Defendants deny the remaining allegations in paragraph 7 of the Complaint, except admit that Twenty Ones Inc., d/b/a The 40/40 Club, is incorporated in the State of New York, has a place of business at 6 West 25th Street in New York, and has a gross annual income exceeding $500,000.

8. Deny the allegations in paragraph 8 of the Complaint except admit that Shawn Carter has an ownership interest in The 40/40 Club and is a resident of NY.

9. Deny the allegations in paragraph 9 of the Complaint except admit that Juan Perez has an ownership interest in The 40/40 Club.

10. To the extent the allegations in paragraph 10 of the Complaint are allegations of law, no response is required. Defendants deny the remaining allegations in paragraph 10 of the Complaint, except admit that Desiree Gonzales Perez is a resident of New Jersey, is the general manager of The 40/40 Club, and has authority and has exercised that authority to make personnel decisions, including hiring, firing and setting salaries.

11. Deny the allegations in paragraph 11 of the Complaint, except admit that plaintiffs were employed by The 40/40 Club as receptionists.

12. Deny the allegations in paragraph 12 of the Complaint.

13. Deny the allegations in paragraph 13 of the Complaint.

14. Deny the allegations in paragraph 14 of the Complaint.

15. Deny the allegations in paragraph 15 of the Complaint.

16. Deny the allegations in paragraph 16 of the Complaint.

17. Deny the allegations in paragraph 17 of the Complaint.

18. Deny the allegations in paragraph 18 of the Complaint.

19. Deny the allegations in paragraph 19 of the Complaint.

20. Deny the allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint.

22. Deny the allegations in paragraph 22 of the Complaint.

23. Deny the allegations in paragraph 23 of the Complaint.

24. Defendants reallege and incorporate by reference their answers to all previous paragraphs.

25. Paragraph 25 of the Complaint does not contain any allegations of fact that can be admitted or denied.

26. Deny the allegations in paragraph 26 of the Complaint.

27. Deny the allegations in paragraph 27 of the Complaint.

28. Defendants reallege and incorporate by reference their answers to all previous paragraphs.

29. Paragraph 29 of the Complaint does not contain any allegations of fact that can be admitted or denied.

30. Deny the allegations in paragraph 30 of the Complaint.

31. Deny the allegations in paragraph 31 of the Complaint.

32. Deny the allegations in paragraph 32 of the Complaint.

33. Deny the allegations in paragraph 33 of the Complaint.

34. Deny the allegations in paragraph 34 of the Complaint.

35. Deny the allegations in paragraph 35 of the Complaint.

36. Deny the allegations in paragraph 36 of the Complaint.

37. Deny the allegations in paragraph 37 of the Complaint.

38. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

39. Defendants reallege and incorporate by reference their answers to all previous paragraphs.

40. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, except admit that plaintiffs performed labor for The 40/40 Club.

41. Deny the allegations in paragraph 41 of the Complaint.

42. Deny the allegations in paragraph 42 of the Complaint.

43. Deny the allegations in paragraph 43 of the Complaint.

44. Deny the allegations in paragraph 44 of the Complaint.

45. Deny the allegations in paragraph 45 of the Complaint.

46. Deny the allegations in paragraph 46 of the Complaint.

47. Deny the allegations in paragraph 47 of the Complaint.

48. Deny the allegations in paragraph 48 of the Complaint.

Deny that plaintiffs are entitled to any of the relief requested in the "WHEREFORE" clause of the Complaint, or to any relief at all, from defendants.

## AS AND FOR A FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel and/or unclean hands.

## AS AND FOR A THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A FOURTH DEFENSE

The Court lacks supplemental jurisdiction over plaintiffs' state law claims.

## AS AND FOR A FIFTH DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York Labor Law.

### AS AND FOR A SIXTH DEFENSE

Shawn Carter, Juan Perez and/or Desiree Gonzales Perez are not proper defendants in this action as they are not "employers" within the scope of the Fair Labor Standards Act and/or the New York State Labor Law.

### AS AND FOR A SEVENTH DEFENSE

Plaintiffs are exempt from the overtime requirements of the Fair Labor Standards Act and New York State Labor law.

### AS AND FOR AN EIGHTH DEFENSE

The Complaint fails to state a claim upon which prejudgment interest may be granted.

### AS AND FOR AN NINTH DEFENSE

Plaintiffs' claims for liquidated damages are barred, in whole or in part, because any and all actions taken by defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of New York State or Federal law.

### AS AND FOR A TENTH DEFENSE

Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

### AS AND FOR AN ELEVENTH DEFENSE

Plaintiffs' claims cannot proceed as a class action because the Fair Labor Standards Act and its collective action procedure preempt state law that might otherwise permit class action treatment.

## AS AND FOR AN TWELFTH DEFENSE

Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Federal Rule of Civil Procedure 23 and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Date: New York, New York
August 2, 2007

                Respectfully submitted,

                LITTLER MENDELSON
                A Professional Corporation

                By: /s Sara D. Sheinkin
                      Andrew P. Marks (AM-0361)
                      Sara D. Sheinkin (SS-9719)
                      885 Third Avenue, 16th Floor
                      New York, New York 10022.4834

                Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kishma Pickering and Sheron Branch, | Case No. 07 Civ. 4798 (LAP) |
| Plaintiffs, | |
| -against- | **CERTIFICATE OF SERVICE** |
| The 40/40 Club, Twenty Ones Incorporated, Jay-Z aka Sean Carter, Juan Perez, and Desire Gonzalez Perez, | |
| Defendants. | |

Sara D. Sheinkin, of full age, hereby certifies as follows:

1. I am an attorney at the firm of Littler Mendelson, P.C., counsel for defendants in the above-captioned action. I am familiar with the facts set forth in this Certification.

2. On August 2, 2007, I mailed, by overnight delivery, to the following address:

> Michael Shen, Esquire
> 225 Broadway, Suite 2515
> New York, NY 10007
> Attorney for Plaintiffs

a true and complete copy of Defendants' Answer.

4. I certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s Sara Sheinkin
Sara D. Sheinkin

Dated: August 2, 2007