LITTLER MENDELSON, P.C.
  Andrew P. Marks (AM-0361)
  Sara D. Sheinkin (SS-9719)
885 Third Avenue, 16th Floor
New York, New York  10022.4834
Tel:  212.583.9600
Fax: 212.832.2719
  Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kishma Pickering and Sheron Branch, | Case No. 07 Civ. 4798 (LAP) |
| Plaintiffs, | |
| -against- | |
| The 40/40 Club, Twenty Ones Incorporated, Jay-Z aka Sean Carter, Juan Perez, and Desire Gonzalez Perez, | **AMENDED ANSWER & COUNTER-CLAIM**<br><br>**DOCUMENT FILED ELECTRONICALLY** |
| Defendants. | |

     Defendants Twenty Ones, Inc. d/b/a The 40/40 Club, Shawn Carter, Juan Perez and Desiree Gonzales, by their attorneys, Littler Mendelson, P.C., for an answer to the Complaint, respond as follows:

     1.    Paragraph 1 of the Complaint does not contain any allegations of fact that can be admitted or denied.  To the extent a response is required, defendants deny the allegations.

     2.    The allegations in paragraph 2 of the Complaint are allegations of law to which no response is required.  To the extent a response is required, defendants deny the allegations.

     3.    The allegations in paragraph 3 of the Complaint are allegations of law to which no response is required.  To the extent a response is required, defendants deny the allegations.

     4.    The allegations in paragraph 4 of the Complaint are allegations of law to which no response is required.  To the extent a response is required, defendants deny the allegations.

5. Deny the allegations in paragraph 5 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Pickering's residence, and admit that Pickering worked for The 40/40 Club.

6. Deny the allegations in paragraph 6 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Branch's residence, and admit that Branch worked for The 40/40 Club.

7. To the extent the allegations in paragraph 7 of the Complaint are allegations of law, no response is required. Defendants deny the remaining allegations in paragraph 7 of the Complaint, except admit that Twenty Ones Inc., d/b/a The 40/40 Club, is incorporated in the State of New York, has a place of business at 6 West 25th Street in New York, and has a gross annual income exceeding $500,000.

8. Deny the allegations in paragraph 8 of the Complaint except admit that Shawn Carter has an ownership interest in The 40/40 Club and is a resident of NY.

9. Deny the allegations in paragraph 9 of the Complaint except admit that Juan Perez has an ownership interest in The 40/40 Club.

10. To the extent the allegations in paragraph 10 of the Complaint are allegations of law, no response is required. Defendants deny the remaining allegations in paragraph 10 of the Complaint, except admit that Desiree Gonzales Perez is a resident of New Jersey, is the general manager of The 40/40 Club, and has authority and has exercised that authority to make personnel decisions, including hiring, firing and setting salaries.

11. Deny the allegations in paragraph 11 of the Complaint, except admit that plaintiffs were employed by The 40/40 Club as receptionists.

12. Deny the allegations in paragraph 12 of the Complaint.

13. Deny the allegations in paragraph 13 of the Complaint.

14. Deny the allegations in paragraph 14 of the Complaint.

15. Deny the allegations in paragraph 15 of the Complaint.

16. Deny the allegations in paragraph 16 of the Complaint.

17. Deny the allegations in paragraph 17 of the Complaint.

18. Deny the allegations in paragraph 18 of the Complaint.

19. Deny the allegations in paragraph 19 of the Complaint.

20. Deny the allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint.

22. Deny the allegations in paragraph 22 of the Complaint.

23. Deny the allegations in paragraph 23 of the Complaint.

24. Defendants reallege and incorporate by reference their answers to all previous paragraphs.

25. Paragraph 25 of the Complaint does not contain any allegations of fact that can be admitted or denied.

26. Deny the allegations in paragraph 26 of the Complaint.

27. Deny the allegations in paragraph 27 of the Complaint.

28. Defendants reallege and incorporate by reference their answers to all previous paragraphs.

29. Paragraph 29 of the Complaint does not contain any allegations of fact that can be admitted or denied.

30. Deny the allegations in paragraph 30 of the Complaint.

31. Deny the allegations in paragraph 31 of the Complaint.

32. Deny the allegations in paragraph 32 of the Complaint.

33. Deny the allegations in paragraph 33 of the Complaint.

34. Deny the allegations in paragraph 34 of the Complaint.

35. Deny the allegations in paragraph 35 of the Complaint.

36. Deny the allegations in paragraph 36 of the Complaint.

37. Deny the allegations in paragraph 37 of the Complaint.

38. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

39. Defendants reallege and incorporate by reference their answers to all previous paragraphs.

40. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, except admit that plaintiffs performed labor for The 40/40 Club.

41. Deny the allegations in paragraph 41 of the Complaint.

42. Deny the allegations in paragraph 42 of the Complaint.

43. Deny the allegations in paragraph 43 of the Complaint.

44. Deny the allegations in paragraph 44 of the Complaint.

45. Deny the allegations in paragraph 45 of the Complaint.

46. Deny the allegations in paragraph 46 of the Complaint.

47. Deny the allegations in paragraph 47 of the Complaint.

48. Deny the allegations in paragraph 48 of the Complaint.

49. Deny that plaintiffs are entitled to any of the relief requested in the "WHEREFORE" clause of the Complaint, or to any relief at all, from defendants.

4

**AS AND FOR A FIRST DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel and/or unclean hands.

**AS AND FOR A THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

**AS AND FOR A FOURTH DEFENSE**

The Court lacks supplemental jurisdiction over plaintiffs' state law claims.

**AS AND FOR A FIFTH DEFENSE**

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York Labor Law.

**AS AND FOR A SIXTH DEFENSE**

Shawn Carter, Juan Perez and/or Desiree Gonzales Perez are not proper defendants in this action as they are not "employers" within the scope of the Fair Labor Standards Act and/or the New York State Labor Law.

**AS AND FOR A SEVENTH DEFENSE**

Plaintiffs are exempt from the overtime requirements of the Fair Labor Standards Act and New York State Labor law.

**AS AND FOR AN EIGHTH DEFENSE**

The Complaint fails to state a claim upon which prejudgment interest may be granted.

5

## AS AND FOR AN NINTH DEFENSE

Plaintiffs' claims for liquidated damages are barred, in whole or in part, because any and all actions taken by defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of New York State or Federal law.

## AS AND FOR A TENTH DEFENSE

Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiffs' claims cannot proceed as a class action because the Fair Labor Standards Act and its collective action procedure preempt state law that might otherwise permit class action treatment.

## AS AND FOR AN TWELFTH DEFENSE

Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Federal Rule of Civil Procedure 23 and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

## COUNTER-CLAIM

Defendant Twenty Ones Inc. d/b/a The 40/40 Club, by and through its counsel of record, Littler Mendelson, a Professional Corporation, hereby counter-claims against plaintiff Sheron Branch and alleges as follows:

### JURISDICTION

1.  This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367(a) because they arise under the laws of the United States or arise out of the same transaction(s) or occurrence(s) as claims within the Court's original jurisdiction so as to form a part of the same case or controversy within the meaning of Article III of the Constitution of the United States of America.

### FACTUAL ALLEGATIONS

2.  The 40/40 Club is a sports bar and lounge located at 6 West 25th Street in New York, New York.

3.  The 40/40 Club created and utilizes accounts with MySpace and YouTube as marketing tools, which permit it to supply information, videos and pictures to customers and other interested persons.

4.  Both Myspace.com and YouTube.com are internet websites that are used in interstate commerce.

5.  The 40/40 Club engaged a photographer to take pictures of the club to be uploaded onto its MySpace profile page.

6.  The 40/40 Club also engaged a website developer to design and build its MySpace profile page and to upload video clips onto YouTube.

7. At all times relevant hereto, administration of The 40/40 Club's MySpace and YouTube accounts have been password protected.

8. The 40/40 Club disclosed these passwords only to those employees who were responsible for maintaining the accounts or uploading additional information and data thereto.

9. On or about January 10, 2006, The 40/40 Club hired plaintiff Sheron Branch as a receptionist and administrative assistant.

10. In her role as administrative assistant, one of Branch's responsibilities was to maintain The 40/40 Club's MySpace and YouTube accounts and upload new information and data thereto.

11. Accordingly, during her employment at The 40/40 Club, Branch was given the passwords to The 40/40 Club's MySpace and YouTube accounts and was authorized to access those accounts as instructed by The 40/40 Club.

12. On or about December 25, 2006, Branch abandoned her employment with The 40/40 Club by failing to show up for work as scheduled, without calling in.

13. On or about December 26, 2006, Branch accessed The 40/40 Club's MySpace and YouTube accounts and changed the passwords to both accounts so that no agent or employee of The 40/40 Club could gain access to either account.

14. Branch also deleted all of the data, including pictures and videos, from The 40/40 Club's MySpace or YouTube accounts.

15. The 40/40 Club could not access or recover the data that Branch had deleted on its MySpace and YouTube accounts.

16. As a result, The 40/40 Club engaged a photographer to take new photographs of the club and emergency assistance from a website developer to rebuild the damaged MySpace website content and reload videos deleted from YouTube.

17. Branch's actions of deleting The 40/40 Club's data stored on its MySpace and YouTube accounts resulted in a loss to the club of approximately $20,000, by destroying all value of the club's website accounts and requiring The 40/40 Club to engage a photographer and website developer to repair the damage.

## FIRST CAUSE OF ACTION
### Computer Fraud and Abuse Act

18. Defendant Twenty Ones, Inc. reasserts and realleges each and every factual allegation set forth above as if fully set forth herein.

19. Branch intentionally accessed The 40/40 Club's MySpace and YouTube accounts without authorization.

20. As a result of such conduct, Branch impaired the integrity and availability of the data that The 40/40 Club stored on its MySpace and YouTube accounts.

21. The resulting loss to The 40/40 Club was more than $5,000 in value.

22. As a result of the foregoing, Branch violated both the criminal and civil provisions of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq, for which Twenty Ones Inc. is entitled to damages.

**SECOND CAUSE OF ACTION**
**Conversion**

23. Defendant Twenty Ones Inc. reasserts and realleges each and every factual allegation set forth above as if fully set forth herein.

24. After she abandoned her employment with The 40/40 Club, Branch exercised rights of ownerships over The 40/40 Club's MySpace and YouTube accounts without authorization.

25. By changing the club's passwords to its MySpace and YouTube accounts, Branch deprived The 40/40 Club of its ability to exercise its rights of ownership over the accounts.

26. Branch further deprived The 40/40 Club of its ability to exercise its rights of ownership over the electronic data stored on the MySpace and YouTube servers by destroying that data.

27. As a result of the foregoing, Branch converted defendant Twenty Ones Inc.'s property, for which Twenty Ones Inc. is entitled to damages.

**THIRD CAUSE OF ACTION**
**Prima Facie Tort**

28. Defendant Twenty Ones, Inc. reasserts and realleges each and every factual allegation set forth above as if fully set forth herein.

29. By engaging in the acts described above, Branch acted with malice to intentionally inflict harm on The 40/40 Club without excuse or justification.

30. These actions resulted in a loss to Twenty Ones Inc. as described above.

31. As a result of the foregoing, Branch committed a prima facie tort, for which Twenty Ones Inc. is entitled to damages.

**WHEREFORE,** defendant Twenty Ones Inc. respectfully requests that the Court enter judgment against Branch in a total amount to be determined at trial, representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest and any such other and further relief as the Court may deem just and proper.

Date:   New York, New York
        August 7, 2007

                                                Respectfully submitted,

                                                LITTLER MENDELSON
                                                A Professional Corporation

                                        By:   /s Andrew Marks
                                                Andrew P. Marks (AM-0361)
                                                Sara D. Sheinkin (SS-9719)
                                                885 Third Avenue, 16th Floor
                                                New York, New York 10022.4834

                                                Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kishma Pickering and Sheron Branch, | Case No. 07 Civ. 4798 (LAP) |
| Plaintiffs, | |
| -against- | |
| | **CERTIFICATE OF SERVICE** |
| The 40/40 Club, Twenty Ones Incorporated, Jay-Z aka Sean Carter, Juan Perez, and Desire Gonzalez Perez, | |
| Defendants. | |

Andrew Marks, of full age, hereby certifies as follows:

1. I am an attorney at the firm of Littler Mendelson, P.C., counsel for defendants in the above-captioned action. I am familiar with the facts set forth in this Certification.

2. On August 7, 2007, I electronically filed a true and complete copy of Defendants' Amended Answer and Counter-claim, which sent electronic notification to:

> Michael Shen, Esquire
> 225 Broadway, Suite 2515
> New York, NY 10007
> Attorney for Plaintiffs

4. I certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

      /s Andrew Marks
    Andrew Marks

Dated: August 7, 2007

12