UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    07 Civ.4798
------------------------------------------------------------X
Kishma Pickering and Sheron Branch

                                        Plaintiffs,
   -against-                                ANSWER TO COUNTERCLAIM
                                                      CONTAINED IN AMENDED
                                                      ANSWER AND COUNTERCLAIM

The 40/40 Club, Twenty Ones Incorporated,
Jay-Z aka Sean Carter, Juan Perez,
and Desire Gonzalez Perez
                                 Defendants.
------------------------------------------------------------X

     Plaintiff/counterclaim defendant Sheron Branch, by her attorneys, Michael Shen & Associates, P.C., in answer to defendant/counterclaim plaintiff's counter-claim contained in the Amended Answer and Counterclaim, states:

1. The allegations in Paragraph 1 of the Counterclaim are allegations of law which require no response. To the extent that facts are alleged, same are denied.

2. Admits the allegations in paragraph 2 of the Counterclaim.

3. Admits the allegations in paragraph 3 of the Counterclaim.

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Counterclaim.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Counterclaim.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Counterclaim.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Counterclaim.

8. Denies the allegations in paragraph 8 of the Counterclaim.

9. Admits the allegations in paragraph 9 of the Counterclaim except denies that she was hired as an administrative assistant.

10. Denies the allegations in paragraph 10 of the Counterclaim.

11. Admits the allegations in paragraph 11 of the Counterclaim except denies that had password and was authorized for YouTube account.

12. Denies the allegations in paragraph 12 of the Counterclaim, except admits that December 25 was her last date of employment.

13. Denies the allegations in paragraph 13 of the Counterclaim.

14. Denies the allegations in paragraph 14 of the Counterclaim.

15. Denies the allegations in paragraph 15 of the Counterclaim.

16. Denies the allegations in paragraph 16 of the Counterclaim.

17. Denies the allegations in paragraph 17 of the Counterclaim.

18. Admits that defendants reassert and realleges prior allegations.

19. Denies the allegations in paragraph 19 of the Counterclaim.

20. Denies the allegations in paragraph 20 of the Counterclaim.

21. Denies the allegations in paragraph of 21 the Counterclaim.

22. Denies the allegations in paragraph 22 of the Counterclaim.

23. Admits that defendants reassert and realleges prior allegations.

24. Denies the allegations in paragraph 24 of the Counterclaim.

25. Denies the allegations in paragraph 25 of the Counterclaim.

26. Denies the allegations in paragraph 26 of the Counterclaim.

27. Denies the allegations in paragraph 27 of the Counterclaim.

28. Admits that defendants reassert and realleges prior allegations.

29. Denies the allegations in paragraph 29 of the Counterclaim.

30. Denies the allegations in paragraph 30 of the Counterclaim.

31. Denies the allegations in paragraph 31 of the Counterclaim.

First Affirmative Defense

32. Counterclaim plaintiffs fail to state a claim for which relief can be granted.

Second Affirmative Defense

33. Counterclaim plaintiffs' claims are barred, in part or in whole, by the applicable statute of limitations

Third Affirmative Defense

34. Counterclaim plaintiffs' claims are barred, in part or in whole by the equitable doctrine of laches

Fourth Affirmative Defense

35. Counterclaim plaintiffs' claims are barred, in part or in whole, by the equitable doctrine of waiver.

Fifth Affirmative Defense

36. Counterclaim plaintiffs' claims are barred, in part or in whole, by the equitable doctrine of estoppel.

Sixth Affirmative Defense

37. Counterclaim plaintiffs' claims are barred, in part or in whole, by the equitable doctrine of unclean hands.

Seventh Affirmative Defense

38. Counterclaim plaintiffs' claims fail as it has failed to perform the required administrative prerequisites to filing this action

Eight Affirmative Defense

39. Counterclaim plaintiffs have failed to mitigate its damages, if any.

Ninth Affirmative Defense

40. Counterclaim plaintiffs lack standing to bring this action against Defendant.

3

<u>Tenth Affirmative Defense</u>

41. The Counterclaims are retaliatory.

**PRAYER AND RELIEF**

WHEREFORE, plaintiff Branch demands judgment:

A. Dismissing the counter-claim in its entirety;

B. Granting plaintiff disbursements and attorneys' fees, and such other further relief as this Court may deem just and proper.

Dated: New York, New York
      August 13, 2007

By: **MICHAEL SHEN & ASSOCIATES, P.C**

Michael Shen -5714
Attorney for Plaintiffs
225 Broadway, Suite 2515
New York, New York 10007
212-227-0300

4